AMALGAMATED MEAT CUTTERS & BUTCHER WORKMEN OF NORTH AMERICA, DISTRICT LOCAL NO. 540, Plaintiff-Appellant,

v.

NEUHOFF BROS. PACKERS, INC., Defendant-Appellee.

No. 72-2426.

United States Court of Appeals, Fifth Circuit.

June 14, 1973.

G. William Baab, James L. Hicks, Jr., Dallas, Tex., for plaintiff-appellant.

Fritz Lyne, Dallas, Tex., for defendant-appellee.

Before ALDRICH *, SIMPSON and CLARK, Circuit Judges.

ALDRICH, Senior Circuit Judge:

From October 1969 to January 1970, Neuhoff Bros. Packers, Inc. (Neuhoff),

---

* Hon. Bailey Aldrich, Senior Circuit Judge of the First Circuit, sitting by designation.

defendant-appellee, a Dallas, Texas meat packing concern, missed meat from its meat packing plant and suspected several of its employees of theft. Following investigation it discharged two employees, Franklin and Green, who thereupon instituted arbitration proceedings pursuant to the collective bargaining agreement in effect between Neuhoff and the employees' representative union, Amalgamated Meat Cutters and Butcher Workmen of North America, District Local 540, plaintiff-appellant. After hearing the evidence, the arbitrator ruled the discharges to be without "proper cause" and ordered reinstatement of the grievants with back pay. Neuhoff has refused to abide by the arbitrator's order, thus prompting the union to seek the assistance of the district court in the enforcement of the arbitrator's award as provided by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Denied relief below, the union appeals. We reverse.

Evidence adduced at the arbitration hearing indicated that grievant Franklin had taken a lie detector test but had refused to take a second one when ordered to do so by Neuhoff. Green, the other grievant, took both lie detector tests and allegedly failed to clear himself of dishonesty. The arbitrator admitted the tests' results into evidence, but only for the purpose of showing that Neuhoff had received certain statements from the grievants and not as evidence of whether the person taking the test was telling the truth. The arbitrator, (1) concluded (a) that in cases involving "moral turpitude or criminal intent," Neuhoff had the burden of proving its allegations of such actions "beyond a reasonable doubt" and had failed to do so here, and (b) the results of polygraph tests need not be considered as evidence of guilt even though the collective bargaining agreement provided that the company could require polygraph tests of any employee suspected of theft of company property; and (2) declined to rule that grievant Franklin's refusal to take a second lie detector test was per se grounds for discharge under the parties' agreement. The district court, in refusing to enforce, (1) found the arbitrator had (a) violated the collective bargaining agreement provision that he not ". . . add to, modify, detract from or alter [it] in any way . . ." by imposing upon Neuhoff the burden of proving grievants' guilt "beyond a reasonable doubt" and (b) exceeded his authority in that his refusal to consider the tests' results was nonrecognition of the collective bargaining agreement's provision that Neuhoff reserved the right to require polygraph tests of any employee suspected of theft; and (2) found grievant Franklin's refusal to take the second polygraph test to be of itself proper cause for his discharge.

■■ The scope of judicial review of an arbitrator's award is extremely narrow: in order to promote the federal policy favoring settling labor disputes by arbitration the factual and the legal accuracy of arbitrators' findings will not be reviewed. See Safeway Stores v. Bakery Workers Local 111, 5 Cir., 1968, 390 F.2d 79, 82; Dallas Typographical Union v. A. H. Belo Corp., 5 Cir., 1967, 372 F.2d 577, 582. Only when the award does not draw "its essence from the collective bargaining agreement" should a court refuse to enforce an award. United Steelworkers of America v. Enterprise Wheel & Car Corp., 1960, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424. We cannot agree that in placing on the employer the burden of proof beyond a reasonable doubt the arbitrator violated the agreement's provision that he not "add to, modify, detract from or alter [it] in any way . . . ." The agreement does not define standard of proof; the only relevant provision is that employees may be discharged for "proper cause." What is proper cause is a question of fact, separate from the question of quantum of proof necessary to establish the fact.

■ In these circumstances it was not impermissible for the arbitrator, as a basic part of his decisional process, to establish what he considered an appro-

priate standard, viz., proof beyond a reasonable doubt. We note, further, that the arbitrator's selection was consistent with general arbitration practice under similar agreements where the discharge involves criminal intent or moral turpitude. *See* Skaggs-Stone Inc., 1963, 40 L.A. 1273, 1278; United States Steel Corp., 1957, 29 L.A. 272, 276–77; Cannon Electric Co., 1957, 28 L.A. 879, 883; Howell Refining Co., 1956, 27 L.A. 486, 491; Kroger Co., 1955, 25 L.A. 906, 907, 908. While this standard is perhaps offensive to judicial thinking, which might regard it peculiar that the more reasonable an employer's wish to be rid of an employee, the more difficult it is to prove, *cf.* Aaron, Some Procedural Problems in Arbitration, 10 Vand.L.Rev. 733, 740–42 (1957), we are obliged to recognize that arbitration proceedings are sui generis. Washington-Baltimore Newspaper Guild, Local 35 v. Washington Post Co., 1971, 143 U.S.App.D.C. 210, 442 F.2d 1234, 1238.

■ ■ The company next claims that the terms of the agreement were violated by the arbitrator's exclusion of the polygraph tests taken by the employees. The agreement provides that the company "reserves the right to require . . . . polygraph-tests of any employee in case the company suspects . . . theft of company property." It makes no mention, however, of the use *vel non* of such tests in an arbitration proceeding. Since, as the company concedes, polygraph tests may be valuable in a number of ways, including preliminary investigation, to deny their use in one specific context does not render the contract provision meaningless. Viewed as a question of admissibility of evidence, the arbitrator has great flexibility and the courts should not review the legal adequacy of his evidentiary rulings. *See* Washington-Baltimore Newspaper Guild v. Wash-

ington Post Co., *supra*, at 1239; American Bakery & Confectionery Workers v. National Biscuit Co., 3 Cir., 1967, 378 F.2d 918, 925. *Cf.* United Fuel Gas Co. v. Columbian Fuel Corp., 4 Cir., 1948, 165 F.2d 746, 751. This must particularly be so when the issue, the admission of lie detector tests, is one that even the courts have found debatable.

■ The final issue concerns the refusal of one of the employees, Franklin, to take a second polygraph test. Although the arbitrator made no finding on this point, the district court ruled that, as a *matter of law*, Franklin's refusal constituted proper cause for discharge. We must regard this action by the district court as singularly unwarranted. The agreement does not specify individual grounds for discharge. Rather, by using only the general words "proper cause," it leaves the question of what is a good reason for discharge —the ultimate disciplinary measure—for subsequent interpretation. As the court said in International Union of Electrical Radio and Machine Workers v. Otis Elevator, 2 Cir., 1963, 314 F.2d 25, 28, cert. denied 373 U.S. 949, 83 S.Ct. 1680, 10 L. Ed.2d 705, "To separate the just causes for discharge from the unjust was precisely what the parties clothed the arbitrator with the authority to do." *See,* also, Dallas Typographical Union v. A. H. Belo Corp., *supra*, 372 F.2d at 583, where we said it "matters not whether his reasons were sound or unsound." Every violation of the agreement cannot be presumed to be automatic grounds for discharge as distinguished from a lesser sanction. The company has the power to bargain for a specific list of violations that will be considered sufficient grounds for discharge. Failing that, the decision is for the arbitrator.

The award must be reinstated and enforced. Reversed.