**GENERAL DRIVERS, HELPERS AND TRUCK TERMINAL EMPLOYEES, LOCAL NO. 120, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Appellant,**

v.

**SEARS, ROEBUCK & COMPANY, Appellee.**

No. 75–1647.

United States Court of Appeals, Eighth Circuit.

Submitted March 9, 1976.

Decided June 3, 1976.

Stephen D. Gordon, St. Paul, Minn., for appellant; Ernest I. Reveal, St. Paul, Minn., on briefs.

Kalvin M. Grove, Chicago, Ill., for appellee; Meredith K. Wellington, Chicago, Ill., on briefs.

Before LAY, ROSS and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

General Drivers, Helpers and Truck Terminal Employees, Local No. 120 (Union) appeals from the judgment of the district court[1] denying enforcement of an arbitration award in favor of the Union. The central issue in this appeal is whether the arbitration panel's decision drew its essence from the collective bargaining agreement between the Union and appellee Sears, Roebuck & Company (Company). We hold that the district court improperly substituted its judgment for that of the arbitration panel and accordingly reverse.

This appeal ultimately arises from a grievance filed pursuant to the collective bargaining agreement between the Union

and the Company. Article XVII, Section 4 of the agreement provides:

> The Company agrees that whenever a job is open at the level of labor grade 16 or above, the Company will post a notice of the job on all bulletin boards for a three (3) day period to give all employees who are eligible an opportunity to apply. Those employees applying for said job are not guaranteed placement in that job; however, length of service will be recognized in filling vacancies and making promotions when, in the opinion of the Company, merit and ability are substantially equal.

In September 1973, as a consequence of the promotion of one of the employees in the carpenter's shop, a vacancy developed in the position of carpenter, which was classified as labor grade 22. The Company posted the proper notice on September 26, 27 and 28, and 73 employees applied for the job. Rolf Granning, the building superintendent, narrowed the list of applicants to two employees, Edwin Sutton and Duane Salveson. Although Sutton had 13 years more seniority than Salveson, Granning eventually awarded Salveson the position on December 23, 1973.

In response to Salveson's appointment to the carpenter's position, Sutton filed a grievance pursuant to Article XVIII of the collective bargaining agreement. When preliminary efforts to arrive at a conciliation failed, the Union submitted its request for arbitration. The collective bargaining agreement's arbitration provision, Article XVIII, Section 5, specifically states:

> The Board of Arbitrators shall have power to interpret the specific provisions of this Understanding. The Board, however, shall have no power to alter or amend the provisions of this Understanding, to imply an agreement between the parties as to any matters which are not covered by the specific provisions of this Understanding, or to substitute his judgment for that which this Understanding allows to the parties.

1. The Honorable Earl R. Larson, United States District Judge for the District of Minnesota.

By agreement of the parties, a tripartite panel of arbitrators was assembled, consisting of a member selected by the Union, one chosen by the Company, and an impartial chairman selected by both the Company and the Union. The parties, who were both represented by counsel, made a thorough presentation of evidence at an arbitration hearing and also submitted written briefs. The arbitration panel, in an opinion written by the chairman, Professor John J. Flagler, determined initially that the dispute presented an arbitrable issue under the collective bargaining agreement. In reaching the merits of the dispute, the arbitration panel held that the Company retained the burden of proof in establishing that the two employees were not substantially equal in terms of their ability to perform the carpenter's job. Moreover, the arbitration panel concluded it was necessary for the Company to sustain its burden by "clear and convincing evidence" in order to justify its promotion of Salveson instead of an employee with substantially more seniority.[2] In applying this particular burden of proof to the facts presented at the arbitration proceedings, the arbitration panel concluded:

> Careful consideration of the Employer's submission of proof, and extensive study of the literature on the subject lead to the conclusion that the Company has failed to show that Sutton and Salveson were not substantially equal in merit and ability to perform the job in question as required in Article 17, Sec. 4.

> \*     \*     \*     \*     \*     \*

> Lacking such support the Panel must find that Article 17, Sec. 4 was violated by the action of awarding the job in question to the junior employee without adequate basis to show that he possessed

merit and ability superior to that of the senior employee, Edwin Sutton.

Accordingly, the arbitration panel determined that Sutton should be immediately assigned to a job in the carpentry shop with compensatory back pay.[3]

When the Company refused to comply with the arbitration decision, the Union instituted in the district court an action seeking enforcement of the arbitration award as provided by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Subsequently, both the Union and the Company filed motions for summary judgment upon which the district court heard oral argument. The district court granted the Company's motion for summary judgment on March 17, 1975. In refusing to enforce the arbitration award, the district court concurred with the arbitration panel's conclusion that the dispute involved an arbitrable issue and that the Company had the initial burden of proof. The district court, however, disagreed with the arbitration panel that the Company was required to sustain its burden by "clear and convincing evidence." Underlying the court's decision was the concern that a party in a civil case need only sustain a burden of proof by "preponderance of the evidence" under both federal and Minnesota law. The district court, in summary, emphasized that both the collective bargaining agreement and its history were devoid of any basis for holding the Company to the "clear and convincing" standard of proof imposed by the arbitration panel. Following the Union's motion in the trial court to reconsider the court's decision and enter judgment for the Union, the district court on June 20, 1975, denied the motion for reconsideration and entered judgment for the Company. The Union appeals from that decision.

---

2. Underlying the arbitration panel's determination of the standard of proof were the following reasons: (1) seniority rights have been considered under law as fundamental constitutional rights; (2) length of service has been recognized in industrial relations as a property right; and (3) the burden of proof is placed on the party best able to improve the employee evaluation process.

3. The arbitration panel member chosen by the Company filed a dissenting opinion on the basis that placement of the burden of proof on the Company and the imposition of a "clear and convincing" standard were contrary "to logical and settled arbitration law."

■ Initially, it should be emphasized that there is no dispute in this appeal as to whether the arbitration panel had jurisdiction to arbitrate the grievance in question.[4] In any event, we are satisfied that the panel had jurisdiction to decide Sutton's grievance. A grievance under a particular collective bargaining agreement is deemed arbitrable "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409, 1417 (1960). The collective bargaining agreement in the instant case does not contain express language in Article XVIII, Section 5 or any other provision clearly excluding Sutton's grievance under Article XVII, Section 4 from arbitration, and the record does not disclose forceful evidence of a purpose to exclude the grievance from arbitration. *See Gateway Co. v. United Mine Workers of America,* 414 U.S. 368, 377–88, 94 S.Ct. 629, 636–641, 38 L.Ed.2d 583, 592–598 (1974). We conclude, therefore, that the panel had jurisdiction to arbitrate the grievance.

■ The principal issue in this appeal is whether the district court improperly reviewed the merits of the arbitration award and erroneously substituted its judgment for that of the arbitration panel. In order to effectuate a strong federal policy promoting enforcement of arbitration decisions, judicial review of the arbitral process has been very limited. *See International Union v. White Motor Corp.,* 505 F.2d 1193, 1197 (8th Cir. 1974), *cert. denied,* 421 U.S. 921, 95 S.Ct. 1588, 43 L.Ed.2d 789 (1975). Review of an arbitration award is confined to the narrow question of whether it "draws its essence from the collective bargaining agreement." *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424, 1428 (1960). *See Kansas City Royals Baseball Corp. v. Major League Baseball Players Ass'n,* 532 F.2d 615 at 621 (8th Cir. 1976); *General Drivers & Helpers Unions, Local 554 v. Young & Hay Transportation Co.,* 522 F.2d 562, 567–68 (8th Cir. 1975).

■ Our review of the record convinces us that the arbitration panel's award, assigning Edwin Sutton to the job in the carpentry shop, is drawn from the promotion provision of the collective bargaining agreement. The Supreme Court in *United Steelworkers v. Enterprise Wheel & Car Corp., supra,* 363 U.S. at 599, 80 S.Ct. at 1362, 4 L.Ed.2d at 1429, emphasized that:

> [T]he question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.

It was within the discretion of the arbitration panel to interpret the language in Article XVII, Section 4 of the collective bargaining agreement which states that seniority should govern the promotion of employees "when, in the opinion of the Company, merit and ability are substantially equal."

■ More specifically, the arbitration panel did not exceed its arbitral authority in imposing on the Company a "clear and convincing" standard of proof under the circumstances of the instant case. The collective bargaining agreement does not

---

4. Although it has not raised the issue by cross-appeal, the Company asserted before both the arbitration panel and the district court that the grievance filed in the instant case is not a proper subject for arbitration. The Company contended, *inter alia,* that the wording "in the opinion of the Company" contained in Article XVII, Section 4 of the collective bargaining agreement granted the Company unrestrained discretion to determine whether applicants are substantially equal in merit and ability. It was also emphasized by the Company that Article XVIII, Section 5 of the collective bargaining agreement specifically prohibits alteration or amendment of the contract's provisions by the arbitration panel.

define the standard of proof and neither the language in the contract nor the bargaining history expressly or specifically prohibits an arbitration panel from articulating a standard. *See Amalgamated Meat Cutters & Butcher Workmen of North America, District Local 540 v. Neuhoff Bros. Packers, Inc.,* 481 F.2d 817, 819 (5th Cir. 1973). Gaps naturally arise in any collective bargaining agreement, and an arbitration panel is not confined to the express terms of the contract in its selection of a source of law. *See International Union v. White Motor Corp., supra,* 505 F.2d at 1197–98. The district court erroneously substituted its judgment for that of the arbitration panel with respect to the content of the burden of proof.

■ While we are confronted with a challenge to arbitral application of an evidentiary rule concerning a standard of proof, courts have precluded review on either the substantive or procedural merits of an arbitration decision. *See General Drivers & Helpers Union, Local 554 v. Young & Hay Transportation Co., supra,* 522 F.2d at 567–68; *International Union v. White Motor Corp., supra,* 505 F.2d at 1197–98; *Amalgamated Meat Cutters & Butcher Workmen of North America, District Local 540 v. Neuhoff Bros. Packers, Inc., supra,* 481 F.2d at 819–20. *See generally Amalgamated Butcher Workmen Local 641 v. Capitol Packing Co.,* 413 F.2d 668, 672–73 (10th Cir. 1969). Because collective bargaining agreements are generally silent on procedural matters such as rules of evidence, an arbitration panel must be vested with the inherent authority to make procedural rulings. Otherwise, the national policy favoring arbitration of collective bargaining grievances would be frustrated. Supposedly "final" arbitration decisions would be relitigated in the federal courts. *See United Steelworkers of America v. Enterprise Wheel & Car Corp., supra,* 363 U.S. at 596–97, 80 S.Ct. at 1360–1361, 4 L.Ed.2d at 1427–1428. Despite possible judicial disagreement with the standard chosen by the arbitration panel, "it is not within the scope of our review to pass upon the merits of a grievance a second time." *General Drivers & Helpers Union, Local 554 v. Young & Hay Transportation Co., supra,* 522 F.2d at 567.

Even assuming arguendo that we could review the merits of an arbitration decision, the arbitration panel's ostensible reliance on a "clear and convincing" burden of proof was not necessarily improper. It is not clear whether the language "clear and convincing" in the arbitration panel majority opinion, written by a non-attorney, was utilized as a legal term of art distinct from "preponderance of the evidence" or "greater weight of the evidence." Furthermore, the imposition of a "clear and convincing" standard is not unique in the field of industrial relations. *See Norton & Son, Inc.,* 49 Lab.Arb. 275 (1967) (Jones, Arbitrator); *Interlake Steel Corp.,* 46 Lab.Arb. 23 (1965) (Luskin, Arbitrator); *Darin & Armstrong,* 13 Lab.Arb. 843 (1950) (Platt, Arbitrator). A thorough review of the arbitration panel's decision and findings also convinces us that the same result might well have been reached, even if a less stringent standard, such as preponderance of the evidence, had been applied.

We conclude that the arbitration panel did not exceed its arbitral authority and that the award is enforceable since it draws its essence from the collective bargaining agreement. *See United Steelworkers of America v. Enterprise Wheel & Car Corp., supra,* 363 U.S. at 597, 80 S.Ct. at 1361, 4 L.Ed.2d at 1428.

■ Since it has been determined that the arbitration decision should be enforced, we must confront appellant's additional contention that the Union should be awarded attorney's fees incurred in securing enforcement of the arbitration award. Attorney's fees are ordinarily not recoverable by the prevailing party in federal litigation absent either statutory authorization or circumstances in which the losing party has acted in bad faith. *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247–71, 95 S.Ct. 1612, 1616–1629, 44 L.Ed.2d 141, 147–161 (1975); *Richardson v.*

*Communications Workers of America,* 530 F.2d 126, 132 (8th Cir. 1976). There is no statutory authorization for attorney's fees in suits to enforce arbitration awards, and the record does not disclose facts supportive of a finding of bad faith. Appellant is not entitled to attorney's fees sustained in achieving compliance with the arbitration award.

The award must be reinstated and enforced. Reversed.

ROSS, Circuit Judge (dissenting).

I would affirm the judgment of the district court on the basis of Judge Larson's well reasoned opinion. The requirement that the company prove that the two employees were not substantially equal in merit and ability by "clear and convincing evidence," viewed in the light of the contractual words, "in the opinion of the company," does not draw its essence from the agreement. "When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424, 1428 (1960). The majority of the arbitration board violated Article XVIII, Section 5 of the agreement by amending or altering the "understanding to imply an agreement between the parties as to [a matter] *not covered by the specific provisions of the understanding,*" to-wit, the imposition of an unreasonable and unfair burden of proof on the employer in this arbitration. (Emphasis supplied.)