RAINBOW GLASS COMPANY, Plaintiff,

v.

LOCAL UNION NO. 610, Affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendant.

No. 80–998C(1).

United States District Court, E. D. Missouri, E. D.

Dec. 23, 1980.
As Amended Feb. 23, 1981.

Lawrence P. Kaplan, St. Louis, Mo., for plaintiff.

Barbeau A. Roy, St. Louis, Mo., for defendant.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court upon the parties' cross motions for summary judgment. For the reasons stated below, plaintiff's motion will be denied and defendant's motion will be granted.

Plaintiff brought this suit pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and Section 10 of the United States Arbitration Act, 9 U.S.C. § 10, seeking an order to vacate and set aside a decision in award of an arbitrator as allegedly in excess of his authority.

The material facts are not in dispute. The plaintiff, Rainbow Glass Company, negotiated and executed with the defendant, Local Union 610, a valid collective bargaining agreement for a period commencing on August 1, 1979 and terminating on the 31st day of July, 1982. This cause concerns a dispute over the decision and award of an arbitrator interpreting § 7 of Article VIII of this collective bargaining agreement. Article VIII, § 7 reads as follows:

> All new employees shall be on a probationary period for the first thirty one (31) calendar days of employment during which period he may be discharged without further recourse; provided, however, that the Employer may not discharge or discipline for the purpose of evading this Agreement or discriminate against Union members.

> Any new employee must work thirty (30) cumulative workdays within any ninety (90) calendar period and upon completion thereof, shall be considered a regular employee and placed on the seniority list. Such employee's seniority date for all purposes shall be thirty (30) calendar days back from the day he or she works the thirtieth (30th) workday.

In August, 1978, the grievant, Edward Copeland, was called by the company to come to work and at that time both parties (Rainbow Glass and the grievant) considered him a "casual employee." Section 4 of Article XXI of the previous collective bargaining agreement, which was in effect when the grievant began his job in August of 1978, provided that "Beginners shall obtain seniority after thirty (30) days of employment."

The grievant never complained about not being officially added to the seniority list (under the terms of § 4 of Article XXI of the previous collective bargaining agreement) until January, 1981 when he learned that his job was in jeopardy. On January 22, 1980, a grievance was then filed on behalf of grievant complaining of a violation by the company of Article VIII, § 7. The grievance stated that he had worked more than thirty cumulative days since November 12, 1979, and that he should be given seniority from that date.

The union contended that the grievant was entitled to seniority thirty (30) days after regular employment in August, 1978 under Article XXI, § 4 of the prior collective bargaining agreement then in effect when grievant began his August, 1978 employment.

The company contended that the grievance was not timely because it was not filed until one and one-half years after the grievant's seniority rights had vested. Specifically, grievant was not to be put on the seniority list because he was a "casual employee" and thus not eligible to be placed on this seniority list. Furthermore, because the union and the grievant had acquiesced in pressing for his removal from the "casual

employee" list he waived any right to be classified as a senior employee when the prior collective bargaining agreement ended.

The arbitrator found that the grievance was timely because the contract contained no express time limits on filing grievances. Under neither the old nor the current collective bargaining agreement was there any requirement that a grievance must be filed within a specified time. Neither the grievant, nor the company, nor the union ever raised the question of the grievant's seniority rights prior to early January of 1980.

The collective bargaining agreement, by the interpretation of the arbitrator, does not appear to set a restriction with respect to when a grievance must be filed. With respect to the seniority claim of the grievant, the arbitrator found that the prior collective bargaining agreement was the contract which bound the grievant and the company. The new collective bargaining agreement only became effective in August of 1979 and therefore any rights delineated would refer to only employees hired after the effective date of the current collective bargaining agreement. Because the grievant was employed steadily from August of 1978, he was not a new employee when the current bargaining agreement went into effect.

Turning to Article XXI, § 4 of the prior agreement, the arbitrator found that the grievant was clearly entitled to seniority rights. Specifically, under Article XXI of the prior collective bargaining agreement, the grievant was entitled to be put on the seniority list thirty (30) days after his full time employment, and he did not waive any of his seniority rights.

The plaintiff now argues in its summary judgment motion that: (1) the arbitrator was merely authorized to interpret the new collective bargaining agreement which went into effect August 1, 1979; (2) under the terms of the new collective bargaining agreement there is no reference to the grievant's seniority rights; and (3) any seniority rights the grievant may have had under the old collective bargaining agreement have been waived as of the time of the commencement of the new collective bargaining agreement (August 1, 1979). In short, the plaintiff contends that the arbitrator based his decision on matters outside of the scope of the new collective bargaining agreement and in doing such he exceeded his authority.

This Court's standard of review of an arbitrator's decision and award is limited by the strong public policy favoring arbitration as a means to resolve labor disputes. *United Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *see also Resilient Floor and Decorative Covering Workers v. Welco Mfg. Co.*, 542 F.2d 1029 (8th Cir. 1976). This Court may not pass upon the merits of an arbitrator's decision, *Kewanee Machinery Division v. Local Union No. 21, International Brotherhood of Teamsters*, 593 F.2d 314, 317 (8th Cir. 1979); instead, it must uphold the determination if it is drawn from the essence of the collective bargaining agreement. *United Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Aircraft Mechanics Fraternal Association v. Ozark Airlines, Inc.*, 597 F.2d 1155, 1157 (8th Cir. 1979).

The arbitrator did not err in basing his award upon the consideration of the prior collective bargaining agreement. The terms of the new collective bargaining agreement do not set forth any time limitations upon when a denial of seniority status must be pressed forward. And if the present, active, bargaining agreement does not delineate a time within which seniority status denials may be contested, the arbitrator would appear to be free to consider the language of prior collective bargaining agreements when the alleged denial of seniority status fell within that time period. *Holly Sugar Corp. v. Distillery, Rectifying, Wine and Allied Workers International Union*, 412 F.2d 899, 903–904 (9th Cir. 1969). In addition, nothing in the present collective bargaining agreement would bar the arbitrator's determination that the grievant presently enjoys seniority rights which had vested in the past.

Because "it [i]s not the function of the court to determine whether the arbitrator has resolved the grievance correctly", *Aircraft Mechanics Fraternal Association v. Ozark Airlines, Inc., supra*, at 1157, this Court must uphold the decision of the arbitrator if the arbitrator's award draws its essence from the collective bargaining agreement. *General Drivers, Helpers and Truck Terminal Employees Local No. 120 v. Sears, Roebuck & Co.*, 535 F.2d 1072, 1075 (8th Cir. 1976). Therefore, the plaintiff's motion for summary judgment will be denied and the defendant's motion for summary judgment will be granted.