INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE · AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) and its Local No. 716, Appellants,

v.

GENERAL ELECTRIC COMPANY, Appellee.

No. 82–1704.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1983.

Decided Aug. 17, 1983.

Rehearing Denied Sept. 28, 1983.

Lynn-Marie Crider, Youngdahl & Larrison, Little Rock, Ark., John Fillion, Gen. Counsel, Ralph O. Jones, Asst. Gen. Counsel, Detroit, Mich., for appellants.

Richard T. Brown, III, Gen. Elec. Co., Louisville, Ky., Edgar E. Bethell, Bethell, Callaway & Robertson, Fort Smith, Ark., for appellee.

Before BRIGHT and FAGG, Circuit Judges, and JONES,* District Judge.

FAGG, Circuit Judge.

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) brought this action to compel General Electric (GE) to submit to arbitration of a grievance pursuant to the terms of a collective bargaining agreement. The district court granted

---

* The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

summary judgment in favor of GE. Because we believe that the underlying dispute is arbitrable according to the terms of the collective bargaining agreement, we reverse.

Atha Johnson, an employee with fourteen years seniority at GE, was laid off from her job in the plant's tool room as part of a permanent reduction in force. At the time of her layoff, Johnson was employed as a "B" machinist. UAW alleges that since Johnson's layoff, "B" machinist work has become available but is now being performed by "toolmakers" with less seniority than Johnson.

Article X of the agreement, governing seniority, provides for recalling laid off employees to work according to their seniority:

Section 6. Recall Procedure

(1) Employees removed from the payroll, due to a permanent reduction in force, will be recalled to any open position which they can perform with a minimum amount of training on the basis of their plant seniority.

UAW filed a grievance objecting to the company's failure to recall Johnson. The grievance was denied. GE stated that it had not recalled Johnson "because the work available was of a higher skill level than that which had been performed by the grievant's classification." UAW demanded arbitration and GE refused, stating that the matter specifically was excluded from arbitration. GE relied upon Article XIV of the agreement, concerning arbitration, which provides in relevant part as follows:

Section 1. Any grievance which involves the interpretation or application of this Agreement and which remains unsettled after having been fully processed pursuant to the provisions of Article XII shall be submitted to arbitration * * * provided such request directly raises an issue which is * * *

\* \* \* \* \* \*

(b) an alleged violation of one of the following provisions of this Agreement:

\* \* \* \* \* \*

Article X, SENIORITY, *excluding any issue pertaining or relating in any way to a determination, or the Company's right to determine, that a lack of work situation exists* recognizing, however, that the issues of whether the lack of work situation, so determined by the Company to exist, is a temporary lack of work situation or a permanent lack of work situation shall be, in itself, an arbitrable issue. (Emphasis added.)

UAW then brought this action pursuant to section 301 of the Labor Management Relations Act. The district court granted summary judgment for GE, holding that UAW's grievance relates to whether a lack of work situation exists and that this issue "clearly and unambiguously" is excluded from arbitration. *International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (UAW) v. General Electric Co.,* 539 F.Supp. 520, 526 (W.D.Ark.1982).

It is for the court, and not the arbitrator, to decide the issue of arbitrability. *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 1352–1353, 4 L.Ed.2d 1409 (1960); *Brotherhood of Painters and Allied Trades of America, Glaziers & Glass Workers Local Union No. 558 v. Lord & Burnham Construction Corp.,* 705 F.2d 998, 999 (8th Cir.1983). Our function in this case is quite limited: "It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator." *United Steelworkers of America v. American Manufacturing Co.,* 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960); *Iowa Beef Processors, Inc. v. Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO,* 627 F.2d 853, 856 (8th Cir.1980).

The question of whether a dispute should be submitted to arbitration is a matter of contract construction. *Kansas City Royals Baseball Corp. v. Major League Baseball Players Ass'n,* 532 F.2d 615, 620

(8th Cir.1976). A party may not be compelled to arbitrate a grievance unless it has agreed to do so. *Gateway Coal Co. v. United Mine Workers of America,* 414 U.S. 368, 374, 94 S.Ct. 629, 635, 38 L.Ed.2d 583 (1974); *United Steelworkers of America v. Warrior & Gulf Navigation Co., supra,* 363 U.S. at 582, 80 S.Ct. at 1352–1353. Interpretation of a contract is a matter of law and is not, therefore, subject to the "clearly erroneous" standard of review by this court. *Western Contracting Corp. v. Dow Chemical Co.,* 664 F.2d 1097, 1100 (8th Cir.1981); *Ralston Purina Co. v. Hartford Accident and Indemnity Co.,* 540 F.2d 915, 918 n. 3 (8th Cir.1976).

■ It is well established that "federal judicial policy overwhelmingly favors arbitration of labor disputes." *Iowa Beef Processors, Inc. v. Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO, supra,* 627 F.2d at 856. An order to arbitrate a grievance should be granted "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers of America v. Warrior & Gulf Navigation Co., supra,* 363 U.S. at 582–83, 80 S.Ct. at 1352–1353. This court, in construing exclusionary provisions to arbitration clauses, has followed that directive, stating that a broad arbitration provision excludes a particular grievance in only two instances: "(1) where the collective bargaining agreement contains an express provision clearly excluding the grievance involved from arbitration; or (2) where the agreement contains an ambiguous exclusionary provision and the record evinces the most forceful evidence of a purpose to exclude the grievance from arbitration." *Kansas City Royals Baseball Corp. v. Major League Baseball Players Ass'n, supra,* 532 F.2d at 621.

The district court characterized the dispute as relating to whether a lack of work situation exists and thus, the court held that the matter specifically is excluded from arbitration. UAW contends that the issue is not whether there is a lack of work, but rather, who is entitled to perform the existing work under the seniority provisions of the agreement. UAW does not argue that there is sufficient work for another "B" machinist position. Instead it argues that pursuant to the seniority provisions, Johnson has priority over toolmakers that are now working in the tool room to be recalled to perform the work that these less senior employees are already performing.

■ We believe that UAW has presented a claim which, on its face, is governed by the collective bargaining agreement. *United Steelworkers of America v. American Manufacturing Co., supra,* 363 U.S. at 568, 80 S.Ct. at 1346. The issue raised by the grievance is which employee is entitled to perform existing work in the tool room. UAW has alleged that seniority controls this issue. GE's response to the grievance openly acknowledged that there was available work in the tool room. Its refusal to recall the grievant was based upon a contention that the work was of a higher skill level than the grievant's classification. It is apparent that the issue raised by the UAW grievance and the GE response is not the lack of work (removed from arbitration by the exclusionary provision) but the issue of who is entitled to perform the existing work (a seniority issue not excluded from arbitration). Under Section 6 of the agreement, at least the following matters have been placed in issue: the nature and character of the existing work; the grievant's ability to perform that work with a minimum amount of training; and the ultimate issue of the grievant's seniority rights to be recalled to perform that work. It is one thing for GE to decide that there is a lack of work situation, such as by reduction of force, curtailment of production or technological change. This prerogative clearly is given GE by the exclusionary clause. It is an entirely different matter, however, for GE to assert that it has the sole right to decide which employees will perform the work that remains. This aspect of the seniority system is subject to arbitration. Although it may well be that none of UAW's claims are meritorious, that is not the issue

before this court. "The processing of even frivolous claims may have therapeutic values of which those who are not a part of the plant environment may be quite unaware." *Id.*

We cannot say with the positive assurance that the law requires that the agreement clearly has excluded this dispute from arbitration. *United Steelworkers of America v. Warrior & Gulf Navigation Co., supra,* 363 U.S. at 582–83, 80 S.Ct. at 1352–1353. Neither does the record evince a forceful purpose to exclude the grievance from arbitration. *General Drivers, Helpers and Truck Terminal Employees, Local No. 120 v. Sears, Roebuck & Co.,* 535 F.2d 1072, 1075 (8th Cir.1976); *Kansas City Royals Baseball Corp. v. Major League Baseball Players Ass'n, supra,* 532 F.2d at 621. Accordingly, we hold that the district court erred in concluding that the dispute was not arbitrable and in granting summary judgment in favor of GE. The decision of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.