Rel: February 17, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2022-2023

————————————

### 1210378

————————————

**Escapes! To the Shores Condominium Association, Inc., individually and on behalf of Tom Allen, Gaja Bathala, Johnny Berry and Alice Berry, Anna Camus, Alexis Delcambre, Joseph Durastanti, Danny Ford, Chris Fudge and Gary Fudge, Ann Gancayo, Rick Greene, Scott Guerin, Gayle Herring, Caryle Dyer, Ted Hicks, Rodney Hogan, Peter Jolet, Ronn Babin, Gordon Jones and Vicki Jones, Pat Lee, John Mangum, Chris Nieland and Kathy Nieland, Shirley Olsen, William Ranieri, Noah Sechrest, and Jennifer Skaggs and Mark Skaggs**

**v.**

**Hoar Construction, LLC, and Architectural Surfaces, Inc.**

**Appeal from Baldwin Circuit Court**
**(CV-17-901106)**

SELLERS, Justice.

Escapes! To the Shores Condominium Association, Inc. ("the Association"), individually and on behalf of certain condominium-unit owners,[1] appeals from an order denying a Rule 59, Ala. R. Civ. P., motion to vacate a judgment entered on an arbitration award in favor of Hoar Construction, LLC ("Hoar"), and Architectural Surfaces, Inc. ("ASI"). We affirm.

## I. Facts

The arbitration award in favor of Hoar and ASI stems from the construction of a condominium building located in Orange Beach known as "Escapes! To the Shores." Hoar was the general contractor for the construction project; Stephen G. Hill was the architect for the construction project; and ASI was the subcontractor responsible for the

---

[1]The condominium-unit owners are Tom Allen, Gaja Bathala, Johnny Berry and Alice Berry, Anna Camus, Alexis Delcambre, Joseph Durastanti, Danny Ford, Chris Fudge and Gary Fudge, Ann Gancayo, Rick Greene, Scott Guerin, Gayle Herring, Caryle Dyer, Ted Hicks, Rodney Hogan, Peter Jolet, Ronn Babin, Gordon Jones and Vicki Jones, Pat Lee, John Mangum, Chris Nieland and Kathy Nieland, Shirley Olsen, William Ranieri, Noah Sechrest, and Jennifer Skaggs and Mark Skaggs.

installation of the exterior surfaces to the condominium building. After construction of the condominium building was substantially complete, the developer of the project ( Escapes!, Inc.) sold the units and transferred ownership and management of the common areas to the Association.

The Association thereafter commenced this action against Hoar, ASI, and Hill in the Baldwin Circuit Court, seeking damages arising out of alleged construction and design defects to the condominium building, specifically, "stucco blistering and water intrusion." The Association's claims against Hoar and ASI proceeded to arbitration, pursuant to the Federal Arbitration Act ("the FAA"), 9 U.S.C. § 1; however, the Association's claims against Hill remained pending in the trial court. Following a hearing, a panel of three arbitrators ("the arbitration panel") issued a final award in favor of Hoar and ASI, concluding, in relevant part, that the defects to the condominium building were the result of a design defect and not a construction defect. The Association filed a timely notice of appeal in the trial court, pursuant to Rule 71B, Ala. R. Civ. P., which, as explained below, governs appeals from arbitration awards. Pursuant that rule, the trial court entered a judgment on the arbitration

award.  The Association thereafter filed a Rule 59 motion to vacate that judgment, which the trial court denied.  This appeal followed.

## II.  Appellate Jurisdiction

As a preliminary matter, we address the Association's argument that this Court lacks jurisdiction to consider this appeal because, it says, the judgment entered on the arbitration award, pursuant to Rule 71B, has not been certified as a final  judgment, pursuant to Rule 54(b) -- which allows a trial court to certify a judgment with respect to less than all claims or all parties as final and appealable.  The Association contends that, because its claims against Hill remain pending in the trial court, the judgment entered on the arbitration award requires certification under Rule 54(b) to be appealable.  In other words, the Association argues that when an action involves still-pending claims that were not resolved in arbitration or additional parties who are not subject to the arbitration award, a judgment entered on an arbitration award pursuant to Rule 71B is not a final judgment unless and until a trial court certifies it as final pursuant to Rule 54(b).  For the reasons discussed below, we conclude that there is no interplay between Rule 71B and Rule 54(b).  See Alabama Pub. Serv. Comm'n v. Redwing Carriers, Inc., 281 Ala. 111, 115, 199 So.

4

2d 653, 656 (1967) ("By and large, the construction of rules of court are for the court which promulgated them.").

Rule 71B establishes the procedure for appealing an arbitration award.[2] The rule provides, in relevant part:

"(f) Procedure After Filing [a notice of appeal]. The clerk of the circuit court <u>promptly</u> shall enter the award as <u>the final judgment</u> of the court. Thereafter, as a condition precedent to further review by any appellate court, any party opposed to the award may file, in accordance with Rule 59, [Ala. R. Civ. P.,] a motion to set aside or vacate the judgment based upon one or more of the grounds specified in Ala. Code 1975, § 6-6-14, or other applicable law. The court shall not grant any such motion until a reasonable time after all parties are served pursuant to paragraph (e) of this rule. The disposition of any such motion is subject to civil and appellate rules applicable to orders and judgments in civil actions.

"(g) Appellate Review. An appeal may be taken from the grant or denial of any Rule 59 motion challenging the award by filing a notice of appeal to the appropriate appellate court pursuant to Rule 4, Alabama Rules of Appellate Procedure."

(Emphasis added.) This Court has summarized the procedure for appealing an arbitration award as follows:

" '(1) A party must file a notice of appeal with the appropriate circuit court within 30 days after service of the notice of the

---

[2]Rule 71B, which became effective February 1, 2009, supersedes the procedures for appealing an arbitration award provided in § 6-6-15, Ala. Code 1975. See Committee Comments to Rule 71B.

arbitration award; (2) the clerk of the circuit court shall promptly enter the award as the final judgment of the circuit court; (3) the aggrieved party may file a Rule 59, Ala. R. Civ. P., motion to set aside or vacate the judgment, and such filing is a condition precedent to further review by any appellate court; (4) the circuit court grants or denies the Rule 59 motion; and (5) the aggrieved party may then appeal from the circuit court's judgment to the appropriate appellate court.' "

Russell Constr. of Alabama, Inc. v. Peat, 310 So. 3d 341, 346 (Ala. 2020) (quoting Guardian Builders, LLC v. Uselton, 130 So. 3d 179, 181 (Ala. 2013)) (emphasis added).

As this Court's summary of the procedure for appealing an arbitration award in Peat acknowledges, the plain language of Rule 71B(f) requires that an arbitration award be "promptly" entered as "the final judgment" of the circuit court. By using the word "promptly," Rule 71B(f) contemplates that a final judgment shall be entered on the arbitration award immediately. See, e.g., Black's Law Dictionary 1468 (11th ed. 2019) (defining "prompt" as "[t]o incite, esp. to immediate action."); id. at 897 (defining "immediate" as "[o]ccurring without delay; instant ….").

Rule 71B(g) provides that "[a]n appeal may be taken from the grant or denial of any Rule 59 motion challenging the award by filing a notice of appeal to the appropriate appellate court pursuant to Rule 4, Alabama

Rules of Appellate Procedure."  Rule 4(e), Ala. R. App. P., in turn, provides that "[a]n order granting or denying a motion to set aside or vacate an arbitration award filed in accordance with Rule 59, Alabama Rules of Civil Procedure, is appealable <u>as a matter of right pursuant to Rule 71B</u>, Alabama Rules of Civil Procedure ...."  (Emphasis added.) Neither the two relevant subdivisions of Rule 71B nor Rule 4(e) expressly references Rule 54(b).

Rule 71B unambiguously provides that a judgment entered on an arbitration award is a "final judgment" from which an appeal may be taken as a matter of right -- without resort to Rule 54(b) certification. Moreover, even if this Court were inclined to find any conflict between the two rules of procedure, Rule 71B, the more specific rule regarding appeals of arbitration awards, would prevail over Rule 54(b), the broader rule relating to certification of certain otherwise nonfinal orders as final judgments.  Rule 71B, then, would be an exception to Rule 54(b).  See <u>Ex parte Jones Mfg. Co.</u>, 589 So. 2d 208, 211 (Ala. 1991) (noting that, "[i]n the event of a conflict between two statutes, a specific statute relating to a specific subject is regarded as an exception to, and will prevail over, a general statute relating to a broad subject");  see also <u>Ex parte State ex</u>

rel. Daw, 786 So. 2d 1134, 1137 (Ala. 2000) ("In construing rules of court, this Court has applied the rules of construction applicable to statutes."). Our conclusion that there is no interplay between Rule 54(b) and Rule 71B is entirely consistent with the purposes of private dispute resolution under the FAA. See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 685, (2010) ("In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes."). Accordingly, this Court will consider the merits of the appeal.

## III. Standard of Review

In reviewing a trial court's order confirming an arbitration award under the FAA, this Court reviews questions of law de novo and findings of fact for clear error. Municipal Workers Comp. Fund, Inc. v. Morgan Keegan & Co., 190 So. 3d 895 (Ala. 2015).

## IV. The Merits

The Association argues that the trial court erred in refusing to vacate the judgment on the arbitration award in favor of Hoar and ASI pursuant to 9 U.S.C. § 10(a)(3) of the FAA. That section authorizes a

court to vacate an arbitration award when "the arbitrators were guilty of misconduct … in refusing to hear evidence pertinent and material to the controversy." Id. The Association contends that the arbitration panel engaged in misconduct by refusing to consider construction-progress photographs of the condominium building's south-elevation balconies taken from May 2007 through October 2007, which, the Association claims, were pertinent and material to show that "a hole on each balcony to wall interface on each side of every balcony[] was known or should have [been] known to [Hoar and ASI] during construction." In other words, the Association challenges the arbitration panel's ruling on an evidentiary matter, specifically arguing that the arbitration panel's refusal to consider those photographs deprived it of a fundamentally fair hearing.

In analyzing the Association's claim that the judgment on the arbitration award should be vacated under § 10(a)(3) based on alleged misconduct, this Court must be mindful that judicial review of an arbitration award is extremely limited and that an arbitration award should be vacated "only in very unusual circumstances." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942 (1995). To establish

"misconduct" under § 10(a)(3), the Association "must demonstrate that the arbitration proceedings were fundamentally unfair." Tucker v. Ernst & Young, LLP, 159 So. 3d 1263, 1278 (Ala. 2014); see also Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997) ("Courts have interpreted section 10(a)(3) to mean that except where fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary review."). It is well settled that arbitrators have "broad discretion" with regard to evidentiary rulings. International Chem. Workers Union v. Columbian Chems. Co., 331 F.3d 491, 497 (5th Cir. 2003). See, e.g., Amalgamated Meat Cutters & Butcher Workmen of N. Am., Dist. Local No. 540 v. Neuhoff Bros. Packers, Inc., 481 F.2d 817, 820 (5th Cir. 1973) (explaining that, regarding evidentiary rulings, an arbitrator "has great flexibility and the courts should not review the legal adequacy of his evidentiary rulings"); Hoteles Condado Beach, La Concha & Convention Ctr. v. Union De Tronquistas Local 901, 763 F.2d 34, 39 (1st Cir. 1985) (noting that arbitrators are "not bound to hear all of the evidence tendered by the parties" but rather, are required only to "give each of the parties to the dispute an adequate opportunity to present its evidence and arguments"); and Tempo Shain Corp., 120 F.3d at 19 ("It

has long been recognized that 'Arbitrators must be given discretion to determine whether additional evidence is necessary or would simply prolong the proceedings.'" (citation omitted)).

Accordingly, our review in this case is extremely limited, and we will decide only whether, under the facts presented, the arbitration proceeding was fair and, specifically, whether the Association was provided an adequate opportunity to present its evidence and arguments. The record indicates that, pursuant to the arbitration scheduling order, all document requests were required to be served on or before January 19, 2021. The final arbitration hearing commenced on September 8, 2021, and concluded on September 16, 2021. During that hearing, the arbitration panel heard testimony from 18 witnesses, including experts, and considered over 300 exhibits, including photographs. After the hearing had concluded, but before closing briefs were filed, the Association requested (1) that the arbitration panel accept as additional exhibits 10 balcony-construction photographs taken from November 2006 through April 2007 that the Association had had in its possession, but had failed to introduce at the hearing, and (2) that the arbitration panel order Hoar and ASI to "search for and produce all construction progress

photographs of the south elevation balconies from May 2007 through October 2007 ...." The Association claimed, among other things, that "the balcony construction progress photos … would be both material and pertinent to important issues in this matter" and that the photographs "would not be irrelevant, of slight value, or cumulative." The Association finally claimed that "the determination of whether these photos exist would not be unduly burdensome or prejudicial to any party." In other words, the Association implicitly conceded in its request that the photographs it sought to discover -- specifically, photographs of the condominium building's south-elevation balconies taken from May 2007 through October 2007 -- may not even exist. After considering the Association's requests, the arbitration panel informed the Association that the additional balcony-construction photographs that it had failed to admit during the hearing -- specifically, those taken from November 2006 through April 2007 -- were admitted for consideration but that the Association's "motion to reopen discovery" to compel a search for additional photographs was denied. Under the facts presented, the arbitration panel acted well within its discretion in denying the Association's request to reopen discovery to compel a search for evidence

that may not even exist. More importantly, both sides were provided a full opportunity to present their evidence and arguments; as indicated, the arbitration panel heard testimony from 18 witnesses, including experts, and considered over 300 exhibits. Accordingly, the arbitration panel's decision to deny the Association's motion to reopen discovery to compel a search for additional evidence did not rise to the level of misconduct described in § 10(a)(3), nor did it yield a fundamentally unfair hearing under the FAA.

## V. Conclusion

Based on the foregoing, the Association has failed to demonstrate that the arbitration panel engaged in misconduct that would warrant vacatur under § 10(a)(3). Accordingly, the order denying the Association's Rule 59 motion and the judgment entered on the arbitration award are affirmed.

AFFIRMED.

Parker, C.J., and Shaw, Wise, Bryan, Mendheim, Stewart, Mitchell, and Cook, JJ., concur.