United States Court of Appeals,

Fifth Circuit.

No. 94-30153.

Karen McKEE, Wife of/and Curtis K. Kilpatrick, Plaintiffs-Appellants,

v.

HOME BUYERS WARRANTY CORPORATION II, Defendant-Appellee.

Feb. 27, 1995.

Appeal from the United States District Court Eastern District of Louisiana.

Before WHITE[1], Associate Justice (Ret.), BARKSDALE and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Karen McKee, Wife of/and Curtis K. Kilpatrick (the "Kilpatricks") filed this action against Home Buyers Warranty Corporation II ("HBW") to recover for damage to their home which they contend was covered under HBW's structural warranty. HBW filed a motion for summary judgment, contending that the dispute was conclusively resolved in a prior arbitration. The district court granted the motion. The Kilpatricks now appeal, contending that the arbitration was not binding. Because the district court correctly determined that HBW was entitled to summary judgment based on the prior arbitration, we affirm.

I.

The Kilpatricks bought a house in 1985. The builder enrolled

---

[1]The Honorable Byron R. White, Associate Justice of the United States Supreme Court, (Ret.), sitting by designation pursuant to 28 U.S.C. § 294(a).

the house in HBW's limited ten-year structural warranty program.

The house suffered from excessive differential settlement and the Kilpatricks filed a claim with HBW.  HBW sent the Kilpatricks a letter notifying them that it had denied their claim because HBW had determined that the defect did not render the house "unsafe, unsanitary, or otherwise unlivable" as required to invoke coverage under the warranty.  HBW stated that arbitration was required before any litigation and referred the Kilpatricks to the provision in their warranty booklet requiring conciliation or arbitration as a condition precedent to any attempted litigation.

The Kilpatricks requested through their attorney that the matter be submitted to arbitration with the American Arbitration Association ("AAA") as provided in the warranty booklet.  The Kilpatricks' attorney reviewed the AAA rules and represented them at the arbitration.  The arbitrator determined that the problems with the Kilpatricks' house were not covered by the warranty and ruled in favor of HBW.  The Kilpatricks did not appeal the arbitrator's decision or file a proceeding in court to have it vacated, modified, or corrected.  Instead the Kilpatricks filed suit on the contract in Louisiana state court, and HBW removed to federal court based on diversity of citizenship.

Along with its answer, HBW filed a counterclaim for confirmation of the earlier arbitration.  HBW also filed a motion for summary judgment based on arbitration and award.  The district court granted the motion and the arbitration award was confirmed.

II.

2

A.

We review a grant of summary judgment *de novo,* viewing all evidence in the light most favorable to the non-moving party. *E.g., Insurance Company of North America v. Dealy,* 911 F.2d 1096 (5th Cir.1990). Our review of the district court's confirmation of an arbitrator's award is likewise *de novo. Executone Information Systems, Inc. v. Davis,* 26 F.3d 1314 (5th Cir.1994). We also approach this case in the light of the "liberal federal policy favoring arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

B.

The central issue in this case is whether the district court correctly determined that the parties agreed to binding arbitration. The Kilpatricks contend that the warranty called for non-binding arbitration based on a provision in the warranty that "[t]he dispute resolution process shall precede any litigation attempted by either party."[2] The Kilpatricks argue that the fact

[2]The section of the warranty entitled "Conciliation and Arbitration" provides:

> "Should the Builder or Homebuyer(s) disagree with the Insurer's decision to deny the claim as recommended by the Service, the contesting party shall call for conciliation with the Service or an arbitration to be conducted by the American Arbitration Association (A.A.A.), or other mutually agreeable arbitration service at the Service's expense.... The conciliation and/or arbitration process will be conducted in accordance with the warranty conditions described herein and the rules and regulations of the A.A.A. or other mutually agreeable arbitration service. The dispute settlement process shall precede any litigation attempted by either party on items that are specifically

that the warranty makes arbitration a condition precedent to litigation indicates that the arbitration is non-binding. We disagree.

Numerous courts have held that arbitration is binding where the rules under which the arbitration is conducted call for binding arbitration. *E.g., Rainwater v. National Home Ins. Co.,* 944 F.2d 190 (4th Cir.1991) (holding that an arbitration in accordance with AAA rules is a binding arbitration); *Commonwealth Edison Co. v. Gulf Oil Corp.,* 541 F.2d 1263, 1273 (7th Cir.1976) (holding that incorporation of rules of arbitration in agreement established requisite consent to judgment); *I/S Stavborg (O.H. Meling, Manager) v. National Metal Converters, Inc.,* 500 F.2d 424 (2d Cir.1974) (holding that agreement to be bound by arbitration and consent to judgment could be inferred by reference to rules which provide for binding arbitration); *see also Varley v. Tarrytown Associates, Inc.,* 477 F.2d 208, 210 (2d Cir.1973) (conceding that agreement to binding arbitration could be expressed by incorporating arbitration rules, but finding that AAA rules in force at the time did not allow for entry of judgment); *cf. Dowling v. Home Buyers Warranty Corp. II,* --- S.C. ----, 428 S.E.2d 709 (1993) (finding that there was no agreement to arbitrate where the Arbitration Acknowledgement and correspondence from the arbitration agency stated that the arbitration would not be binding). The decisions holding that reference to AAA rules as

---

included in this warranty.... The dispute will be resolved or an award rendered by the arbitrator within 40 days from the time the form is received by the arbitration service."

4

permitting entry of judgment are longstanding.  Consequently, all parties are on notice that resort to AAA arbitration will be deemed both binding and subject to entry of judgment unless the parties expressly agree otherwise.  *Rainwater,* 944 F.2d at 194.

In the instant case, it is undisputed that the warranty provided that AAA rules would govern if the dispute were submitted to AAA arbitration.  The arbitration was conducted under AAA rules and those rules provided for binding arbitration unless the applicable law or the terms of the warranty specified otherwise.[3] We must therefore determine whether there is anything in the warranty that specifies non-binding arbitration.

We find the Kilpatricks contention that the "condition precedent" language in the warranty calls for non-binding arbitration unpersuasive.  We agree with the Fourth Circuit's treatment of this issue in *Rainwater:*

> Though [the Kilpatrick's] claim has some surface appeal, we think that the "condition precedent" language cannot carry all the weight [the Kilpatricks] would ascribe to it. Traditionally, federal courts were hostile to arbitration clauses since it was thought they could be avoided at the whim of either party. *See generally Continental Grain Co. v. Dant & Russell, Inc.,* 118 F.2d 967 (9th Cir.1941) (arbitration agreements could not be enforced in federal courts prior to passage of FAA).  As a result, parties frequently included "condition precedent" language to make certain that the arbitration process ran its course before a federal court could entertain a suit.  *See, e.g., Pettus v. Olga Coal Co.,*

---

[3]The American Arbitration Association Home Warranty Arbitration Rules under which the arbitration was conducted provide in Rule 26(c):  "Unless the applicable law or warranty program, the insurance policy, or another applicable document provides otherwise, the parties to these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

137 W.Va. 492, 72 S.E.2d 881, 885 (1952) (holding that "condition precedent" language did not oust court of jurisdiction, something frowned upon at common law, but rather made suit premature until the terms of the contract were fulfilled). Therefore, we read "condition precedent" to some extent as an artifact left over from the days of hostility toward arbitration. To the extent that the phrase has meaning, we find that it does not undermine the binding nature of arbitration, but instead applies to the confirmation process permitted by 9 U.S.C. § 9, or to other litigation in which the arbitration award would be final but just a sub-text in some larger litigation context.

*Rainwater,* 944 F.2d at 194.

Because the Kilpatricks submitted the dispute to arbitration under AAA rules that required binding arbitration unless the warranty provided for non-binding arbitration, and the warranty did not provide for non-binding arbitration, the district court was correct in determining that the arbitration was binding.

## C.

The Kilpatricks assert that the threshold question of whether the parties agreed to binding arbitration is purely a matter of contract to be determined according to state law. The Kilpatricks contend that if we construe the warranty according to Louisiana law, the federal policy favoring arbitration would not apply and that a state policy requiring that ambiguities in a document be resolved against the sophisticated drafter would control. The difficulty with this argument is that the Federal Arbitration Act (FAA), 9 U.S.C. § 2, declares that written agreements to arbitrate are enforceable when contained in a contract involving interstate commerce, *see Allied-Bruce Terminix Companies, Inc. v. Dobson,* --- U.S. ----, 115 S.Ct. 834, --- L.Ed.2d ---- (1995), and the Kilpatricks' warranty certainly falls within this category. The

6

Supreme Court has explained that, in construing an arbitration agreement within the scope of the FAA, "as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985). That is, the FAA "create[s] a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act," *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), and that body of federal law requires that, "in applying general state-law principles of contract interpretation to the interpretation of an agreement within the scope of the Act, ... due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Stanford University,* 489 U.S. 468, 475-76, 109 S.Ct. 1248, 1254, 103 L.Ed.2d 488 (1989). We think that this "federal policy favoring arbitration" covers more than simply the substantive scope of the arbitration clause—i.e., whether the Kilpatricks' claims were properly submitted to arbitration—and encompasses an expectation that such procedures will be binding. As a matter of federal law, the language of the warranty agreement is not sufficiently specific to call for non-binding arbitration. Although this case is controlled by federal law, for the following reasons the Kilpatricks' state law arguments net them nothing. First, the

7

policy favoring arbitration is not exclusively federal; both federal and state jurisprudence dictate that any doubt as to whether a controversy is arbitrable should be resolved in favor of arbitration. *Russellville Steel Co., Inc. v. A & R Excavating, Inc.,* 624 So.2d 11, 14 (La.App. 5th Cir.1993); *Woodson Construction Company, Inc. v. R.L. Abshire Construction Co., Inc.,* 459 So.2d 566 (La.App. 3d Cir.1984). Second, if we construe the warranty according to Louisiana law, it unambiguously calls for binding arbitration.

A comparison of the Louisiana Arbitration Law, LSA-R.S. 9:4201, *et seq.,* and the FAA reveals that the parties could not have agreed to non-binding "arbitration" in a contract subject to the Louisiana Arbitration Law because arbitration is by definition a binding procedure under that law.

Arbitration is binding only if a court may enter judgment on the award made pursuant to the arbitration. While the Louisiana Arbitration Law generally parallels the FAA, there is a significant difference between the sections dealing with entry of judgment. Disputes about whether arbitration is binding can arise under the FAA because the FAA provides that a court may enter judgment on the arbitration award only if the parties agreed that a court may enter judgment. *See* 9 U.S.C. § 9. Such disputes do not arise under the Louisiana Arbitration Law because the Louisiana law provides that a court may enter judgment if the parties agreed to arbitration; the Louisiana Law simply makes no provision for non-binding arbitration. *See* LSA-R.S. 9:4209. Thus, under the Louisiana

8

Arbitration Law, if the parties agreed to a non-binding procedure, they did not agree to arbitration.

If the Court construes the warranty according to Louisiana law, we could find the dispute resolution provision in the warranty ambiguous only if we determined that the "condition precedent" language means that the parties did not really agree to arbitrate, even though the warranty explicitly calls for arbitration. Such a stretch is plainly contrary to the federal and state policies favoring arbitrability. We are aware of no case in which a Louisiana court has determined that such "condition precedent" language has any meaning other than that ascribed to it in *Rainwater.* On the contrary, in cases where it can be determined that an arbitration clause contained "condition precedent" language similar to that in the instant case, Louisiana courts have held that the dispute was subject to arbitration without even taking notice of the "condition precedent" language. *E.g., Southern Motels Investment Corporation v. Tower Contracting Co., Inc., of Tex.,* 174 So.2d 852 (La.App. 1st Cir.1965) (holding that the claim was subject to arbitration but defendant waived right to arbitrate by filing suit); *Lawton v. Cain,* 172 So.2d 734 (La.App. 2d Cir.1965) (holding that the claim was subject to arbitration but plaintiff waived right to arbitrate by filing suit). We are therefore unable to find that the warranty calls for anything other than binding arbitration under Louisiana law.

D.

The Kilpatricks next argue that even if the arbitration was

9

binding, HBW should be equitably estopped from asserting its defense of arbitration and award because HBW allegedly represented to the Kilpatricks that the arbitration was non-binding. This contention is based on the "condition precedent" language in a letter from HBW's claim representative which contained similar language and referred them to the applicable section of the warranty booklet and from the language in the warranty booklet itself. The Kilpatricks maintain that if they had realized that the arbitration would be binding, they would have foregone arbitration and filed a lawsuit initially.

Under Louisiana law, equitable estoppel applies if there is representation by conduct or work, justifiable reliance on that representation, and change of position to one's detriment as a result of that reliance, although estoppel applies only as a last resort and once the ends of justice so demand. *Chevron U.S.A., Inc. v. Traillour Oil Co.,* 987 F.2d 1138 (5th Cir.1993). The Kilpatricks' estoppel argument fails because HBW did not represent that the arbitration would be non-binding. HBW merely represented that arbitration was a condition precedent to litigation. While this language might be unartful and anachronistic, it does not denote non-binding arbitration. Although the "condition precedent" language might be misleading to a layman, we note that the Kilpatricks requested AAA arbitration through their attorney who reviewed the AAA rules and represented them at the arbitration proceedings. Nor do the Kilpatricks suggest that they were induced to take a cavalier attitude toward the arbitration or that they

10

would have handled the arbitration more effectively if they believed it was a binding proceeding. Under these circumstances, the ends of justice do not demand estoppel.

## E.

The Kilpatricks finally argue that the district court erred in ruling on HBW's motion for summary judgment while discovery requests were pending regarding changes to the dispute resolution clause in later warranties issued by HBW. The Kilpatricks contend the changes are relevant to HBW's understanding of whether the dispute resolution clause called for binding arbitration. Because we have determined that the arbitration provision in the warranty is not ambiguous, we find no merit in this contention.

Under Louisiana law, the intent of the parties to a contract may be construed from the face of the document, without considering extrinsic evidence, and judgment entered as a matter of law if the contract is unambiguous. *American Totalisator Co., Inc. v. Fair Grounds Corp.,* 3 F.3d 810 (5th Cir.1993). When the words of the contract are clear and unambiguous and lead to no absurd consequence, no further inquiry may be made into the parties intent. *Rutgers, State University v. Martin Woodlands Gas Co.,* 974 F.2d 659, 661 (5th Cir.1992). Because we have determined that the arbitration clause in the Kilpatricks' warranty is not ambiguous, the district court did not err in granting summary judgment without considering changes to the arbitration provisions incorporated into warranties issued subsequent to the Kilpatricks'.

For the reasons stated above, the judgment of the district

11

court is AFFIRMED.