**LOCAL 1351, INTERNATIONAL LONG-SHOREMEN'S ASSOCIATION, AFL–CIO and South Atlantic & Gulf District, International Longshoremen's Association, AFL–CIO**

v.

**SEA-LAND SERVICE INCORPORATION and Carriers Container Council.**

**Civil Action No. G–97–489.**

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 14, 1998.

James R. Watson, Jr., General Counsel, Galveston, TX, for Local 1351 International Longshoremen's Association, South Atlantic and Gulf District International Longshoremen's Association, AFL–CIO.

Samuel Edward Hooper, Neel Hooper & Kalmans, Houston, TX, Robert J. Attaway, Jennifer M. Crook, William M. Spelman, Lambos and Junge, New York City, for Sea–Land Service Inc.

Samuel Edward Hooper, Neel Hooper & Kalmans, Houston, TX, William M. Spelman, Lambros and Junge, New York City, for Carriers' Container Council.

Sean R.D. Gorman, Robert Hayden Burns, Burns Wolley & Marseglia, Houston, TX, Daryl Lane Moore, Houston, TX, for Office & Professional Employees International Union.

## ORDER DISMISSING PLAINTIFFS' CLAIMS WITH PREJUDICE, DENYING DEFENDANT'S MOTION TO RECONSIDER AND CONFIRMING ARBITRATION AWARD

KENT, District Judge.

Plaintiffs, the International Longshoremen's Association ("ILA"), filed this case on August 22, 1997 seeking confirmation and enforcement of two grievance awards issued pursuant to the terms of a collective bargaining agreement. Plaintiffs only sued Defendants Sea–Land Service Incorporation and Carriers Container Council (collectively "Sea–Land"); however, this Court subsequently joined the Office and Professional Employees International Union ("OPEIU") on September 12, 1997. After staying further bilateral arbitration between OPEIU and Sea–Land, the Court Ordered all parties to participate in one arbitration proceeding. This Court then denied OPEIU's Motion to Dismiss on October 3, 1997. Now before the Court is OPEIU's Motion to Reconsider and Request that the Court Vacate Its Order Staying Arbitration and Vacate Its Order for Tripartite Arbitration. Also before the Court is the arbitrator's award resulting from the tripartite arbitration. For the reasons that follow, OPEIU's Motion is **DENIED**, the arbitration award is **CONFIRMED**, and all of Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

### I. FACTUAL SUMMARY

This is a jurisdictional dispute involving two unions. Sea–Land is a party to separate collective bargaining agreements with both the ILA and OPEIU. Both agreements contain similar grievance procedures providing for the resolution of disputes through arbitration.

Both unions in this case contest the assignment of work by Sea–Land at its Port of Houston facility, specifically the number of OPEIU and ILA employees that should be employed at the facility gate in accordance with their respective collective bargaining agreements. On May 5, 1995, after resolution of bilateral arbitration between OPEIU and Sea–Land, OPEIU obtained a Judgment in

New York Federal Court (No. 96–CV–3043 June 28, 1996) enforcing the arbitrator's award. Subsequently, Sea–Land and OPEIU entered into a settlement agreement on April 3, 1997. Thereafter, on July 24, 1997, OPEIU filed another grievance regarding the allocation of work at the Port facility, therein alleging that Sea–Land was not in compliance with the arbitration award and accompanying court judgment. ILA did not participate in the arbitration proceedings held between OPEIU and Sea–Land.

On March 4, 1997, ILA asserted two grievances also protesting the assignment of work at the Port of Houston to employees represented by OPEIU. Following completion of arbitration, which did not include OPEIU, ILA brought this case on August 22, 1997 seeking to confirm that arbitration award. At that time, pursuant to FED. R. CIV. P. 19, OPEIU was properly joined as an indispensable party. At the same time, this Court Stayed further bilateral arbitration proceedings between OPEIU and Sea–Land, and Ordered *all* parties to re-arbitrate their dispute in one tripartite arbitration proceeding. That arbitration is now complete and is before the Court.

## II. ANALYSIS

### A. OPEIU Is a Proper Party to this Suit.

■ FED.R.CIV.P. 19 provides for the joinder of persons necessary for a just adjudication. Rule 19 provides in pertinent part:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any one of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise *inconsistent obligations* by reason of the claimed interest. If the person has not

been joined, the court *shall order* that the person be made a party.

Fed.R.Civ.P. 19 (emphasis added).

The underlying substance of this action is a dispute between OPEIU and ILA over how many workers each is entitled to have at the Port of Houston facility gate. Any resolution that only involves Sea–Land and *one* of these unions will most certainly be an incomplete and unjust determination. Moreover, as is already evident from the facts of this case, such incomplete justice also subjects Sea–Land to inconsistent obligations resulting from inconsistent arbitration awards. Thus, because a final resolution of this union jurisdictional dispute cannot be accorded unless both unions claiming the work in dispute participate in these proceedings, and because OPEIU's presence does not deprive the Court of jurisdiction, joinder was proper in accordance with Rule 19. *See Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 107–09, 88 S.Ct. 733, 737, 19 L.Ed.2d 936 (1968); *Schutten v. Shell Oil Co.,* 421 F.2d 869, 873 (5th Cir.1970).

### B. Stay of Arbitration and Tripartite Arbitration Is Proper

■ Prior to 1985, it was clear that § 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–14, authorized a District Court in appropriate circumstances to stay or enjoin arbitration proceedings. *See Tai Ping Ins. Co. v. M/V Warschau,* 731 F.2d 1141, 1144 (5th Cir.1984). However, after *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), the Supreme Court made clear that a court faced with an arbitrable claim has no discretion and must compel arbitration. *See id.* at 217–18, 105 S.Ct. at 1240–41. The circumstances of this case are clearly different from those in *Byrd.* In this case, the Court merely stayed arbitration temporarily to ensure the participation of all necessary parties. The Court then Ordered tripartite arbitration. Thus, having already established that OPEIU is a proper party to this action, it is clear that this Court was well within its authority to temporarily stay the arbitration pending between OPEIU and Sea–Land. Any arguments to the contrary are rejected.

Although arbitration appears in many respects to be similar to litigation, it is in fact *sui generis. See Amalgamated Meat Cutters and Butcher Workmen of North America v. Neuhoff Bros. Packers, Inc.,* 481 F.2d 817, 819 (5th Cir.1973) (upholding an arbitrator's award and opining that it was permissible to allow the arbitrator to establish the burden of proof he felt appropriate); *see also Forsythe Intern., S.A. v. Gibbs Oil Co.,* 915 F.2d 1017, 1021 (5th Cir.1990) ("We merely ask here whether the [arbitration] panel discharged its duty measured by the more *modest* procedural and evidentiary strictures of arbitration." (emphasis added)). Arbitration acts as a speedy and informal alternative to litigation, resolving disputes without confinement to many of the procedural and evidentiary strictures that protect the integrity of formal trials. *See Wilko v. Swan,* 346 U.S. 427, 436–37, 74 S.Ct. 182, 187–88, 98 L.Ed. 168 (1953), *overruled on other grounds, Rodriguez de Quijas v. Shearson/Am. Express, Inc.,* 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989). Thus, rigorous procedural limitations may not be superimposed on the very process designed to avoid such limitations. *See Commercial Solvents Corp. v. Louisiana Liquid Fertilizer Co.,* 20 F.R.D. 359, 362 (S.D.N.Y. 1957). The informal nature of arbitration proceedings effectuates the national policy favoring arbitration, and such proceedings require "expeditious and summary hearing, with only restricted inquiry into factual issues." *Legion Ins. Co. v. Insurance General Agency, Inc.,* 822 F.2d 541, 543 (5th Cir.1987)(quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 22, 103 S.Ct. 927, 940, 74 L.Ed.2d 765 (1983)). As the Fifth Circuit has observed: "Submission of disputes to arbitration always risks an accumulation of procedural and evidentiary shortcuts that would properly frustrate counsel in a formal trial. But because 'the advantages of arbitration are speed and informality, an arbitrator should be expected to act affirmatively to simplify and expedite the proceedings before him.'" *Forsythe, Intern.,* 915 F.2d at 1021–22 (quoting *Fairchild*

*& Co., Inc. v. Richmond, F. & P.R.,* 516 F.Supp. 1305, 1313 (D.C. Cir.1981)).

Sea-Land is a party to separate collective bargaining agreements with both the ILA and OPEIU. Both agreements contain a grievance procedure providing for the resolution of disputes through arbitration. Although OPEIU admits that it is a party to a collective bargaining agreement with Sea-Land which mandates arbitration, OPEIU contends that this Court's Order of tripartite arbitration was improper because OPEIU and ILA are not parties to the *same* agreement.

In support of their argument, OPEIU cites *Del E. Webb Const. v. Richardson Hosp. Authority,* 823 F.2d 145 (5th Cir.1987). In *Del E. Webb,* the defendant entered into two separate arbitration agreements with a contractor and architect. After being sued by the contractor, the defendant brought a third-party claim against the architect. The architect then sued the contractor. The District Court ordered tripartite arbitration of all claims, including the architect's counterclaim against the contractor. Focusing on the lack of a written agreement between the architect and contractor, the Fifth Circuit reversed the District Court's order of tripartite arbitration. *See id.* at 147.[1]

*Del E. Webb* is easily distinguishable from the situation before the Court. Indeed, read properly, *Del E. Webb* supports this Court's Order of tripartite arbitration. In this case ILA does not seek relief from OPEIU. Instead, ILA (like OPEIU) seeks relief from Sea–Land. If this were a case where OPEIU was being forced to arbitrate a non-arbitrable claim brought *against* ILA with ILA, the prohibition of *Del E. Webb* would apply. It is not. Instead, this is a case where two allegedly aggrieved unions have similar claims against Sea–Land. Both of these unions have agreed to arbitrate their respective claims; simply because they did so in separate writings is of no moment to this Court. It is clear that prior attempts at bilateral arbitration have not resolved the

---

1. Indeed, the arbitration agreement at issue in *Del E. Webb* specifically excluded the architect absent his consent.

jurisdictional dispute. Not only is tripartite arbitration a pragmatic and efficient solution in this case, it is the only logical solution that will actually end this dispute. Although the Fifth Circuit has not *directly* addressed it, there is substantial authority which supports the mandate of tripartite arbitration under the circumstances which exist here. *See, e.g., Columbia Broadcasting System, Inc. v. American Recording & Broadcasting Ass'n,* 414 F.2d 1326, 1328–29 (2d Cir.1969); *Retail, Wholesale & Dep't Store Union, Local 390 v. Kroger Co.,* 927 F.2d 275, 281 (6th Cir.1991); *United States Postal Serv. v. American Postal Workers Union,* 893 F.2d 1117, 1119 (9th Cir.1990); *Local No. 850, International Association of Machinists v. T.I.M.E.-D.C., Inc.,* 705 F.2d 1275, 1277 (10th Cir.1983); *United States Postal Serv. v. National Rural Letter Carriers Assoc.,* 959 F.2d 283, 286–87 (D.C. Cir.1992). To achieve fair and complete resolution, it is imperative that all parties to a dispute participate. So long as all parties have consented to arbitrate under the circumstances, tripartite arbitration allows for this participation. Therefore, OPEIU's Motion to Reconsider is **DENIED.**

### C. Tripartite Arbitration Award

 District courts have jurisdiction to review the tripartite arbitration proceeding pursuant to 29 U.S.C. § 185. Such review is extremely limited in its scope. *See Antwine v. Prudential Bache Securities, Inc.,* 899 F.2d 410, 413 (5th Cir.1990)("Judicial review of an arbitration award is extraordinarily narrow ...."); *Delta Queen Steamboat Co. v. District 2 Marine Engineers Beneficial Ass'n,* 889 F.2d 599, 602 (5th Cir.1989). Indeed, the Fifth Circuit has repeatedly stated that an arbitration award should "not be vacated unless: (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators exceeded their powers." *Gateway Technologies, Inc. v. MCI Telecommunications Corp.,* 64 F.3d 993, 996 (5th Cir. 1995); *Manville Forest Prods., Corp. v. United Paperworkers Intern.,* 831 F.2d 72, 74 (5th Cir.1987)(stating that a court reviews

an arbitration award by asking whether an arbitration award "stems from fraud or partiality; ... concerns a matter not subject to arbitration under the contract; ... does not 'dra[w] its essence' from the contract; ... or ... violates public policy."). Through this limited prism, District Courts also retain the power to vacate awards when they are found to be arbitrary or capricious, or in violation of public policy. *See Forsythe Intern.,* 915 F.2d at 1021 (positing that an arbitration award should be vacated if it is fundamentally unfair); *Manville Forest Prods.,* 831 F.2d at 74 (opining that an arbitration award should be vacated if violates public policy); *International Ass'n of Machinists & Aerospace Workers, Dist. No. 145 v. Modern Air Transport, Inc.,* 495 F.2d 1241, 1244 (5th Cir.1974) (noting that an arbitration decision must have a "foundation in reason or fact."); *Brotherhood of R.R. v. Central Georgia Ry. Co.,* 415 F.2d 403, 412 (5th Cir.1969) (opining that an arbitration award should be enforced so long as it has a basis that is "rationally inferable, if not obviously drawn, from the letter or purpose of the collective bargaining agreement."). After a careful and thorough examination of the arbitration award, the Court concludes that no bases exist to vacate it. Therefore, the arbitration award, in its entirety, is **CONFIRMED,** and all of Plaintiffs' claims are **DISMISSED WITH PREJUDICE.**

### III. CONCLUSION

The Court understands that, in some form, this jurisdictional dispute has existed since 1992. For the first time, all of the necessary parties have participated in meaningful and complete arbitration of this dispute. It is the Court's sincere desire that the arbitrator's award will finally bring closure to this fight. The Court is cognizant of the final judgment awarded by Judge Robert Patterson of the Southern District of New York. This Court understands that such a judgment is entitled to full faith and credit, but respectfully notes that ILA was not a party to that final judgment. The Court seriously questions the validity of dispute resolution when an indispensable party, for whatever reason, is absent. *Cf. Transportation–Communication*

**830**

*Employees Union v. Union Pacific R.R.*, 385 U.S. 157, 159, 87 S.Ct. 369, 370–71, 17 L.Ed.2d 264 (1966)(refusing to enforce an arbitration award because an indispensable party was absent during the proceedings). Moreover, the Court ponders why a dispute involving a facility no more than forty miles from this Court would be decided by another Federal Court over two thousand miles away. Nevertheless, because this Court was confronted with parties seeking immediate resolution, and because this Court had no knowledge of its brethren's decision, this Court acted promptly in accordance with substantial authority. Indeed, at this juncture, the arbitration has already taken place and is now confirmed. If this Court overstepped its bounds, the Court respectfully notes that the Fifth Circuit can sort it out.

For the reasons state above, the arbitration award before the Court is *sua sponte* **CONFIRMED** in its entirety and all of Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. Defendant's Motion to Reconsider is hereby **DENIED**. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the Fifth Circuit Court of Appeals, as may be appropriate in due course.

**IT IS SO ORDERED.**

### FINAL JUDGMENT

For the reasons set in the Court's Order in this matter issued on this date, the arbitration award before the Court is *sua sponte* **CONFIRMED** in its entirety and all of Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the Fifth Circuit Court of Appeals, as may be appropriate in due course.

**THIS IS A FINAL JUDGMENT.**