# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2011

No. 10-40280
Summary Calendar

Lyle W. Cayce
Clerk

SANDRA PARKER,

Plaintiff - Appellant

v.

J C PENNEY CORPORATION, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
of the Eastern District of Texas
USDC No. 4:07-CV-175

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

After being terminated, Sandra Parker (Parker) filed suit against her employer J C Penney Corporation, Inc. (J C Penney), alleging retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a). Later, Parker filed a motion to stay her case pending arbitration, which the district court granted. The arbitrator found in J C Penney's favor, and the district court confirmed the award. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40280

## I.

In June 2000, J C Penney demoted Parker from her position as an information and technology supervisor and put her under the supervision of another J C Penney employee. Parker subsequently filed suit in Texas state court, alleging sex and race discrimination. The state court granted J C Penney's motion for summary judgment, which was upheld on appeal in February 2005. Three months later, Parker's job performance was rated unsatisfactory. She was eventually terminated on October 31, 2005.

Through counsel, Parker filed suit against J C Penney in federal district court, claiming retaliation. The district court later granted Parker's motion to stay her case pending arbitration. Subsequently, Parker's counsel filed a motion to withdraw his representation. The district court granted the motion, and Parker proceeded *pro se* during the arbitration.[1] Applying the well-established *McDonnell Douglas–Burdine* framework,[2] the arbitrator determined that Parker established a *prima facie* case of retaliation. However, the arbitrator concluded Parker failed to rebut J C Penney's nondiscriminatory reasons for its decision to terminate her. The arbitrator ultimately held that Parker take nothing. Parker then filed a motion, asking the district court to reject the arbitrator's award. The district court denied Parker's motion and confirmed the arbitrator's award.

---

[1] As the district court affirmed the magistrate judge's recommendation, for purposes of clarity, our references to the district court's judgment are also references to the magistrate judge's report and recommendation.

[2] Title VII unlawful retaliation cases follow the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Thus, once the plaintiff establishes a *prima facie* case of retaliation, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment action. *Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001). If the defendant introduces evidence supporting a valid, nondiscriminatory reason for the employment decision, the presumption of retaliation raised by the plaintiff's *prima facie* case disappears. *Id.* The burden then shifts back to the plaintiff to prove that the employer's proffered reason is actually a pretext for retaliation. *Id.*

No. 10-40280

Parker appealed.

## II.

## A.

Judicial review of an arbitration award is significantly limited by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16. *See Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 280 (5th Cir. 2007). Although we review the district court's confirmation of an arbitration award *de novo*, our review is "exceedingly deferential." *Am. Laser Vision, P.A. v. Laser Vision Inst., L.L.C.*, 487 F.3d 255, 258 (5th Cir. 2007), *overruled on other grounds*, 552 U.S. 576 (2008); 9 U.S.C. § 10. Thus, we will only vacate an arbitration award for limited reasons, namely: (1) "where the award was procured by corruption, fraud, or undue means;" (2) "where there was evident partiality or corruption in the arbitrators;" (3) "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;" or (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(1)–(4). Moreover, the party moving to vacate an arbitration award under the FAA has the burden of proof. *See Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 304–06 (S.D. Tex. 1997), *aff'd and adopted by*, 161 F.3d 314 (5th Cir. 1998).

To this end, Federal Rule of Appellate Procedure 28(a)(9) requires that a party's brief contain an argument with "contentions and the reason for them, with citations to the authorities and parts of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review." *See also Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). On appeal, many of Parker's arguments are indiscernible and unsupported by case law or

3

specific allegations, likely because Parker is not represented by counsel. However, we have explained that, when applying Rule 28's principles, we liberally construe a *pro se* litigant's brief and generally apply a less stringent standard to parties' proceeding *pro se* than to parties represented by counsel. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Against this framework, as did the district court, we liberally construe Parker's brief to determine whether she has made any allegations that constitute any of the limited reasons for vacatur listed in § 10 of the FAA.

## B.

Parker argues that the arbitration award should be vacated for three reasons. First, she argues that the award should be vacated because she was not aware that the arbitration was binding. This argument seems to implicate a violation of § 10(1) or (4). Assuming that Parker's alleged lack of awareness could be attributable to misdeeds by J C Penney or the arbitrator, Parker has not provided sufficient evidence to support vacatur on these grounds. We have held that, when a party agrees to submit to arbitration governed by the procedures of the American Arbitration Association (AAA), this implies that the arbitration award will be deemed binding and subject to entry of judgment, unless the parties expressly agree otherwise. *See McKee v. Home Buyers Warranty Corp. II*, 45 F.3d 981, 983 (5th Cir. 1995). Our review of the record indicates that this arbitration was governed by AAA procedures. And Parker admits that neither the arbitrator or J C Penney acknowledged her allegation that the district court ordered that the arbitration be non-binding. Moreover, Parker has not provided nor can we find an order from the district court stating that the arbitration would be non-binding. Thus, we conclude that Parker has not established that her alleged lack of awareness, regarding the binding nature of the arbitration, is grounds to vacate the arbitration award.

No. 10-40280

Parker also argues that she was prejudiced because she was not represented by counsel during the arbitration proceedings.  This argument is unpersuasive.  To begin, the Sixth Amendment right to counsel does not apply to civil proceedings, such as the arbitration of Parker's Title VII retaliation claim.  *See generally Williams v. Wynne*, 533 F.3d 360, 369 (5th Cir. 2008) (acknowledging that "the Sixth Amendment right to effective assistance of counsel is a criminal concept with no relevance to administrative or civil proceedings").  Moreover, as previously explained, courts are limited by the statutory grounds for vacatur articulated in § 10 of the FAA.  Parker cites no authority and makes no arguments to support her allegation that her lack of counsel during the arbitration is grounds for vacatur.  Therefore, this argument does not establish that the arbitrator's award should be vacated.

Finally, Parker claims that the arbitrator did not require J C Penney to produce certain documents that would allow her to establish her case.  Liberally construing Parker's brief, it appears that she alleges that the award should be vacated under § 10(a)(3) because the arbitrator "refus[ed] to hear evidence pertinent and material to the controversy."  "A]rbitrators have broad discretion to make evidentiary decisions."  *Int'l Chem. Workers Union, Local 683C v. Columbian Chems. Co.*, 331 F.3d 491, 497 (5th Cir. 2003).  And this court typically does not review the adequacy of an arbitrator's evidentiary rulings.  *Amalgamated Meat Cutters & Butcher Workmen v. Neuhoff Bros.*, 481 F.2d 817, 820 (5th Cir. 1973) (explaining that "the arbitrator has great flexibility and the courts should not review the legal adequacy of his evidentiary rulings").  Parker has not explained why we should overlook this precedent and disturb the arbitrator's determination.  Furthermore, the arbitrator found in J C Penney's favor because he concluded that Parker failed to rebut J C Penney's nondiscriminatory reasons for its decision to terminate her.  Parker does not articulate why the particular documents, allegedly in J C Penney's possession,

No. 10-40280

were material to the arbitrator's decision.  Accordingly, Parker has not met her burden of establishing that the arbitrator's evidentiary decision rises to the level of misconduct described in § 10(a)(3) or any other ground for vacatur listed in § 10.

In sum, after carefully reviewing the record, we conclude that Parker has not made any allegations that constitute any of the limited reasons for vacating an arbitration award.

## III.

For the foregoing reasons, we AFFIRM the district court's judgment.